Dear Mr. Coller:
As attorney for the Hernando County Board of County Commissioners, you have asked for my opinion on the following question:
What is the proper disposition of public records of a municipal services taxing and benefit unit that has been replaced by an independent special district by special act of the Legislature?
In sum:
Public records in the custody of the Spring Hill Fire and Rescue District Municipal Services Benefit Unit should be delivered, pursuant to section 119.021(4), Florida Statutes, to the records custodian of the successor to those duties and responsibilities, that is, to the Spring Hill Fire Rescue and Emergency Medical Services District.
According to your letter, prior to June 11, 2009, fire suppression services were provided to the residents of Spring Hill by Hernando County through the Spring Hill Fire Rescue District Municipal Services Benefit Unit (the MSBU). Hernando County employed the MSBU's firefighters and maintained their personnel files.
During the 2009 legislative session, a special act was adopted creating the Spring Hill Fire Rescue and Emergency Medical Services District (the district). The district is an independent fire control district organized for the purposes set forth in the special act and in Chapters 189 and 191, Florida Statutes. The special act creating the district made no provision for the disposition of the MSBU, its assets, or the public records of the MSBU. The act was approved by the Governor on June 11, 2009, and has been designated Chapter 2009-261, Laws of Florida.
You advise that, in an attempt to resolve several questions related to the special act, the county, the district, and the Hernando County Clerk of the Court have entered into a stipulated final judgment. Among other provisions, the stipulated final judgment provides that the district is the successor-in-interest to the MSBU and that all employees of the MSBU shall be considered to have become employees of the district at the close of business on June 10, 2009. However, the stipulated final judgment is silent on the disposition of the public records of the district.
You have asked whether the district is required by section 119.021(4), Florida Statutes, to turn over the district's public records to its successor entity, the MSBU, or whether these records of the district must continue in the possession of the county subject to ultimate disposition under the retention schedules of the Department of State.
Section 119.021, Florida Statutes, prescribes the custodial requirements for public records and requirements for their maintenance, preservation, and retention.[1] The statute requires that public records be kept in the buildings in which they are ordinarily used.[2] Pursuant to this section, the Division of Library and Information Services of the Department of State is charged with adopting rules to establish retention schedules and a disposal process for public records[3] and every agency subject to Chapter 119, Florida Statutes, "shall comply with the rules establishing retention schedules and disposal processes for public records which are adopted by the records and information management program of the division."[4]
As provided in section 119.021(4)(a), Florida Statutes:
"Whoever has custody of any public records shall deliver, at the expiration of his or her term of office, to his or her successor or, if there be none, to the records and information management program of the Division of Library and Information Services of the Department of State, all public records kept or received by him or her in the transaction of official business."
This office has, in several Attorney General Opinions, considered the custody and disposition of public records held by a public officer at the end of his or her term or by a public entity which has been abolished by the Legislature.[5]
In Attorney General Opinion 95-03, this office considered the proper disposition of the public records of a special taxing district after the district had been dissolved by a special act of the Legislature and its assets sold to a private entity. The records of the special taxing district were clearly public records, but the special act abolishing the district was silent as to the disposition of the records. Nothing in the act indicated a legislative intent that the private corporation be designated as the custodian of the abolished district's records. The opinion noted that the Public Records Law requires the custodian of public records to deliver those records to his or her successor at the expiration of the custodian's term of office and, in the absence of a designated successor, public records must be delivered to the Division of Library and Information Services (the division). Because the district had been abolished by special act of the Legislature with no direction as to the disposition of the district's records, there was no successor in office to accept receipt of the records. Thus, the opinion concluded that the provisions of the statute (formerly section 119.05, Florida Statutes) would appear to require that the records be delivered to the division. In addition, since the district had been abolished, it appeared that these records were no longer in official use. Section 257.35(2), Florida Statutes, authorizes agencies "to turn over to the division [of Library and Information Services] any record no longer in current official use" and provides that the division may accept such records for administration and preservation.[6]
While Chapter 2009-261, Laws of Florida, does not abolish the MSBU or specifically provide that the Spring Hill Fire Rescue and Emergency Medical Services District is the successor to the powers and duties of the municipal services benefit unit, a judge has entered a final judgment finding that the district is the successor-in-interest to the MSBU.[7] The court determined that the Legislature intended to create an independent successor-in-interest to the MSBU by enacting Chapter 2009-261, Laws of Florida.[8] The final judgment provides that the balance of the MSBU's fiscal reserves and accrued impact fees are to be transferred to the district. The title to assets of the MSBU are to be transferred from the county to the district and all employees of the MSBU became employees of the district on June 10, 2009.[9]
As the successor to the MSBU, the district is entitled to personnel records and other public records of the MSBU to carry out the duties the Legislature has assigned to the district.
In sum, it is my opinion that public records in the custody of the Spring Hill Fire Rescue District Municipal Services Benefit Unit should be delivered, pursuant to section 119.021(4), Florida Statutes, to the records custodian of the successor to those duties and responsibilities, that is, to the Spring Hill Fire Rescue and Emergency Medical Services District.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Title, s. 119.021, Fla. Stat.
[2] Section 119.021(1)(a), Fla. Stat.
[3] Section 119.021(2)(a), Fla. Stat.
[4] Section 119.021(2)(b), Fla. Stat.
[5] See Ops. Att'y Gen. Fla. 98-59 (1998) (records in the files of the former city attorney which were made or received in carrying out her duties as city attorney and which communicate, perpetuate, or formalize knowledge constitute public records and are required to be turned over to her successor); 95-03 (1995); and 75-282 (1975) (public records, regardless of usefulness or relevancy, must be turned over to the custodian's successor in office or to the Department of State.)
[6] And see Rule 1B-24.001, F.A.C., providing for the disposition of public records and defining "[d]isposition" to mean "final actions taken with regard to public records that have metall retention requirements and are no longer needed for currentgovernment business[.]" (e.s.)
[7] See ss. 2. and 7. A., Final Judgment, Spring HillFire Rescue District v. Hernando County, No.: H-27-CA-2007-1400-WTS (Fla. 5th Cir. Ct. June 18, 2009).
[8] Id. at s. 2.
[9] Supra n. 5 at ss. 7. F., H., and L.